UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JACOB LEE PRICE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:15-CV-167 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Jacob Lee Price, a *pro se* prisoner, filed a habeas corpus petition attempting to challenge the 20 year habitual offender enhancement to his convictions by the Tippecanoe Superior Court under cause number 79D01-9007-CF-86 on April 5, 1991. However, habeas corpus petitions are subject to a strict one year statute of limitations.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Question 16 on the habeas corpus form included the entire text of 28 U.S.C. § 2244(d) and asked Price to explain why the petition was timely. His response was, "The Petitioner is within the one-year period pursuant to the above provision of 28 U.S.C. § 2244(d). The Indiana Court of Appeals declined to authorize the filing of the [successive post-conviction relief] petition on November 26, 2014." DE 1 at 5. Neither that response, nor anything else in the petition indicates that state action prevented him from filing this habeas corpus petition sooner or that the petition is based on a newly recognized Constitutional right or newly discovered evidence. Therefore §§ 2244(d)(1)(B), (C), and (D) do not determine when the 1-year period of limitation began to run.

Pursuant to § 2244(d)(1)(A), the period would have begun when the judgment became final upon the expiration of the time for seeking direct review. In this case, that was when the deadline for filing a petition for certiorari with the United States Supreme Court expired on August 26, 1992. *See* Sup. Ct. R. 13(1) and 30(1). However, because his conviction became final before the habeas corpus statute of limitations became law on April 24, 1996, that date is when his 1-year period of limitations began. *See Graham v. Borgen*, 483 F.3d 475, 478 (7th Cir. 2007). Pursuant to 28 U.S.C. § 2244(d)(2), the period is tolled while he had a pending post-conviction relief petition. Here, Price filed a post-conviction relief petition on December 8, 1995, and that proceeding did not end until June 28, 2013. DE 1 at 2. So his 1 year deadline began counting down the next day. It expired a year later on June 30, 2014. *See* Federal Rule of Civil Procedure 6(a)(1)(C) (excludes the last day if it is Saturday, Sunday, or a legal holiday). Because this habeas corpus petition was not signed until April 9, 2015, it is untimely and must be dismissed.

Though Price sought authorization from the Court of Appeals of Indiana to file a successive post-conviction relief petition on October 7, 2014, by then the habeas corpus deadline had already expired. Nevertheless, because he request was denied, even if the deadline had not yet expired, that

filing would not have tolled the 1-year period of limitation. *See Powell v. Davis*, 415 F.3d 722, 726-27 (7th Cir. 2005) ("Because an unauthorized successive petition is not considered 'properly filed' under Indiana law, the one-year limit was not extended under § 2244(d)(2)" while the petitioner's request to pursue a successive petition was pending.). Moreover, the state court's refusal to authorize a successive post-conviction relief petition did not "restart" the federal clock, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009).

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely. Because there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or find a reason to encourage him to proceed further, a certificate of appealability must be denied.

For these reasons, the court **DISMISSES** this habeas corpus petition because it is untimely and **DENIES** a certificate of appealability.

SO ORDERED.

ENTERED: November 19, 2015        s/William C. Lee
                                  William C. Lee, Judge
                                  United States District Court

3